UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| ADRIAN DOUGLASS, | ) | Case No. CV 11-6162-AJW |
|     Petitioner, | ) | |
| v. | ) | MEMORANDUM OF DECISION |
| MELISSA LEA,[1] | ) | |
|     Respondent. | ) | |

Petitioner filed this petition for a writ of habeas corpus on July 18, 2011.[2] Respondent filed a motion to dismiss the petition on

---

[1] Petitioner is incarnated in an out of state correctional facility in Sagre, Oklahoma. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Melissa Lea, the Deputy Administrator of the California Out of State Correctional Facility Unit is substituted as the proper respondent.

[2] Although the petition was filed by the Clerk on July 26, 2011, petitioner is entitled to the benefit of the "mailbox rule," pursuant to which a state or federal habeas petition is deemed filed on the date on which petitioner handed it to the proper prison official for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that a pro se prisoner's pleading is deemed filed at the moment it is delivered to prison authorities for forwarding to the district court). Although petitioner indicates that he mailed the petition himself, the Court assumes petitioner handed his petition to the proper official on the date he signed the "certificate of service." [Petition,

the ground that it is untimely.  Petitioner did not file an opposition to the motion.[3]

### Discussion

Section 2244(d) imposes a one-year statute of limitations for the filing of habeas corpus petitions by state prisoners.  28 U.S.C. § 2244(d).  It provides:

> (d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme

---

Certificate of Service].

[3]  Pursuant to Local Rule 7-12, failure to file an opposition may be deemed consent to the granting of the motion.  Therefore, the motion to dismiss also may be granted on the basis of petitioner's failure to oppose the motion.

2

>Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) & (2).

Petitioner entered into a plea agreement, petitioner pleaded no contest to attempted murder, and petitioner admitted that he personally used a firearm and inflicted great bodily injury in the commission of the offense. [Petition at 2; Lodged Documents ("LD") 1 & 2]. Petitioner also admitted that he had a prior conviction of a serious or violent felony within the meaning of California's Three Strikes Law. [Petition at 2]. On June 14, 2006, petitioner was sentenced to state prison for a term of 31 years. The sentence consisted of the upper term for the attempted murder (nine years), doubled pursuant to California's Three Strikes Law, plus an additional ten years for the firearm enhancement and three years for the great bodily injury enhancement. [Petition at 2; LDs 1 & 2]. Because petitioner did not file a direct appeal,[4] his conviction became final

---

[4] Although petitioner says that he did appeal [Petition at 2-3], his citation reveals that he is referring to the habeas petition he filed in the California Court of Appeal. The California docket

1 on August 13, 2006, when the time to file an appeal expired.
2 See Cal.Rules Court 30.1(a); see also Smith v. Duncan, 297 F.3d 809,
3 813 (9th Cir. 2002). Petitioner had one year, or until August 13,
4 2007, to file his federal habeas petition. See Patterson v. Stewart,
5 251 F.3d 1243, 1245-1246 (9th Cir.), cert. denied, 534 U.S. 978
6 (2001); Miles v. Prunty, 187 F.3d 1104, 1105 (9th Cir. 1999); Calderon
7 v. United States District Court (Beeler), 128 F.3d 1283, 1287 (9th
8 Cir. 1997), cert. denied, 522 U.S. 1099 & 523 U.S. 1061 (1998),
9 overruled on other grounds by Calderon v. United States District Court
10 (Kelly), 163 F.3d 530 (9th Cir. 1998)(en banc), cert. denied, 526 U.S.
11 1060 (1999).

12     This petition was not filed until July 18, 2011, almost four
13 years after the limitation period expired. Absent grounds for
14 statutory or equitable tolling of the limitation period, the petition
15 is time-barred.

16     **Statutory Tolling**

17     The limitation period does not run while a properly filed state
18 application for post-conviction relief is pending. 28 U.S.C. §
19 2244(d)(2). See Carey v. Saffold, 536 U.S. 214, 218-219 (2002).

20     Petitioner did not file any state habeas petitions during the
21 relevant period. Rather, his first filing in state court was a motion
22 requesting copies of the transcript, which was filed on June 11, 2010.
23 [Lodged Document ("LD") 3]. Not only was that motion filed long after
24 the limitation period had expired, but it was not a "properly filed
25 application for State post-conviction or other collateral review with

---

27 reflects that petitioner filed no direct appeal. See http://appellatecases.courtinfo.ca.gov.

4

respect to the pertinent judgment or claim...." See 28 U.S.C. §2244(d)(2); Rosati v. Kernan 417 F.Supp.2d 1128, 1131 (C.D.Cal. 2006) (explaining that the limitation period is not tolled during the pendency of a motion for transcripts).

Subsequently, petitioner filed three habeas petitions in the state courts. However, the petitions were filed after the limitation period already had expired. [LDs 4-6; Petition, Attachment, Ex. 1]. Consequently, none of petitioner's state petitions toll the already-expired limitation period. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"), cert. denied, 540 U.S. 924 (2003),

**Equitable tolling**

The limitation period also can be equitably tolled. Petitioner is entitled to equitable tolling only if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Holland v. Florida, ___ U.S. ___, 130 S.Ct. 2549, 2562 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)).

Petitioner does not allege, and nothing in the record suggests, that equitable tolling is warranted in this case.

**Delayed accrual**

Petitioner's claims rely at least in part upon the Supreme Court's decision in Cunningham v. California, 549 U.S. 270 (2007),[5]

---

[5] In Cunningham, the Supreme Court held that California's Determinate Sentencing Law violated the Sixth Amendment because it permitted imposition of sentences above the relevant "statutory

1  which was decided on January 22, 2007. [Petition, Attachment].
2  Although he does not say so, petitioner might argue that he is
3  entitled to a later starting date because his claims rely upon a right
4  newly recognized by the Supreme Court.  To be entitled to a later
5  accrual date pursuant to 28 U.S.C. §2244(d)(1)(C), petitioner must
6  rely on a new rule of constitutional law recognized by the Supreme
7  Court, and that right must have been made retroactively applicable to
8  cases on collateral review.

9  Petitioner's Cunningham claim meets neither of these criteria.
10 To begin with, the Ninth Circuit has held that Cunningham did not
11 announce a new constitutional right, but simply applied earlier
12 Supreme Court precedent concerning a similar state sentencing scheme
13 to California.  See Wright v. Dexter, 546 F.3d 1096, 1097 (9th Cir.
14 2008); Butler v. Curry, 528 F.3d 624, 635-636 (9th Cir.), cert.
15 denied, ___ U.S. ___, 129 S.Ct. 767 (2008). Accordingly, petitioner
16 fails to satisfy the first criterion. See Zakoda v. Martel, 2010 WL
17 1642525, * 4 n. 6 (C.D.Cal. 2010) (holding that a Cunningham claim did
18 not fall within § 2244(d)(1)(C)'s delayed accrual provision because
19 Cunningham did not announce a new constitutional right), report and
20 recommendation adopted, 2010 WL 1642160.  Moreover, the Supreme Court
21 has not held that Cunningham is retroactively applicable to cases on
22 collateral review.  Accordingly, petitioner does not satisfy the
23 second criterion. See Soja v. Hornbeck, 2010 WL 3118716, *2 (N.D.Cal.
24 2010) (holding that a Cunningham claim did not fall within §
25 2244(d)(1)(C)'s delayed accrual provision because the Supreme Court

---

27 maximum" based on facts found by a judge, rather than by a jury. Cunningham, 549 U.S. at 274.

1  did not make it retroactive); Matson v. Allison, 2010 WL 3942835, *2
2  (E.D.Cal. 2010) (same).  Therefore, the Cunningham decision does not
3  trigger deferred accrual of the limitation period under §
4  2244(d)(1)(C).
5     For the foregoing reasons, the petition is dismissed as untimely.

7  Dated: December 19, 2011


                        _____
10                       Andrew J. Wistrich
                         United States Magistrate Judge